# CHARLESTON.

## WASHINGTON *v.* CASTLEMAN.

Submitted September 7, 1888.—Decided December 8, 1888.

SET-OFF—LANDLORD AND TENANT—LEASE.

Upon the contract for a lease of a farm made by the lessor in his lifetime for a term of years the rent accruing from such lease after the death of the lessor can not be set off by a debt due to the tenant from the lessor at the time of his death, although the estate of the lessor is insolvent.

*G. Baylor* and *T. C. Green* for appellant.

*White & Trapnell* for appellees.

SNYDER, JUDGE:

Appeal from the decree of the Circuit Court of Jefferson county in a suit brought by S. W. Washington, administrator of Henry W. Castleman deceased, against the heirs and creditors of said Castleman. It is a suit for the settlement of the estate of said Castleman, to ascertain the amounts and priorities of the debts and subject the real estate to their payment. This appeal is prosecuted by the defendant, John S. Castleman, an heir and creditor of said estate; and the only question presented by the record is, whether or not the appellant is entitled to set off his debt against certain rents due from him to the estate, the Circuit Court, by its decree of December 29, 1887, having decided that he was not entitled to such set-off.

The facts, out of which this controversy arises, are as follows: In the lifetime of the decedent, Henry W. Castleman, he and his son, John S. Castleman, the appellant, entered into a written contract, by which the said Henry leased his

farm of about 400 acres in Jefferson county to his son John, for the term of five years commencing October 1, 1882. By the terms of the lease John was to cultivate the farm and annually pay or deliver to his father, the said Henry, the one half of all the crops of wheat, corn, oats, hay and other produce raised upon said farm. Henry died intestate in June, 1885, leaving a widow and several children owing many debts and his estate insolvent. In December, 1885, the court appointed a receiver and directed him to collect the rents thereafter accruing from said John under the aforesaid lease; and by a subsequent decree instructed the receiver to distrain the goods of John for said rents.

In December, 1887, the receiver filed his report, showing a balance of over $900.00 due from said John for rents accrued from the lease of said farm subsequent to the death of said Henry. In reference to these rents the receiver reported, that the tenant, John, held a claim against his father and late landlord, which had been duly audited and allowed against the estate of his father, equal to the balance or amount due from him on rents under the aforesaid lease, and that John claimed the right to set off said rents against said debt; that, in order to save the expense and trouble of distraining for said rents, he had taken from said John a trust-deed to secure the balance due on said rents, and submits the question of the right of set-off to the Court. The debt due to John from his father is an open account, which accrued during the life of his father, and is still due and unpaid.

The question thus presented is whether or not John as tenant under the aforesaid lease, made with his father in his lifetime, is entitled to set off said debt against the rents accrued under said lease after the death of the lessor.

The rights of the creditors of a decedent attach generally at the time of his death. One owing to him a debt may set off against it a debt, which was owing to him at the time of the decedent's death, although there be outstanding debts of superior dignity, and the estate is insolvent. Every claim on both sides, that could by law survive for or against the estate, is to be brought into an account current, and the balance only is due from one to the other. To an action by an administrator the defendant cannot set off a claim, which

he has since the decedent's death acquired by purchase or otherwise; nor can a demand be set off against the decedent in an action brought by the administrator upon a contract made with the administrator. But if the contract, out of which the debt sued on arose, was made with the decedent, and the set-off was acquired before his death, then they may be set off against each other in an action on such contract by or against the administrator. *White* v. *Bannister*, 1 Wash. (Va.) 167; *Brown* v. *Garland*, Id. 221.

This is the rule in actions at law. In equity the rule is more liberal, and the doctrine there is that, when debts have been contracted on the footing of mutual credit and under the expectation, that the ultimate obligation will be limited to the amount due on the settlement of the account between the parties, the insolvency of either will entitle the other to the aid of equity to prevent this expectation from being defeated. There is a natural equity, that cross-demands should be set off against each other, and that the balance only should be recovered. This was the rule of the civil law, and it is now adopted and followed in our courts of equity. The courts, even before the statute of set-off was passed, interfered to enforce natural equity as between the administrator of an insolvent estate and a party, between whom and the decedent there were mutual demands. It is now the general rule that, if the court finds a case of natural equity not within the statute, it will permit an equitable set-off, if from the nature of the claim or the situation of the parties it is impossible to obtain justice by a cross-action. *Rose* v. *Hart*, 2 Smith Lead. Cas. 316, note; *Bigelow* v. *Folger*, 2 Metc. 255; 5 Rob. Pr. 993.

It is not only debts proper which may be thus set-off, but, where there is a mutual credit, which may end in a debt and be fixed as a liability, the rule applies. Thus in *Allen* v. *Hart* 18 Gratt. 722, it was decided, that " the defence of set-off is admissible in a motion upon a forthcoming bond taken on a warrant of distress." Our statute provides that " he to whom rent or compensation is due, whether he have the reversion or not, his personal representative or assignee, may recover it, * * * whatever be the estate of the person owning. * * * And when the owner of real es-

tate in fee * * * dies, the rent thereafter due shall be recoverable by such owner's heir or devisee." Section 8, ch. 93, Code.

According to this statute, as well as by the common-law the rent from a lease made by the owner of land in fee accruing after the death of the owner passes with the land to the heir or devisee. In fact it descends or passes as a part of the realty and never comes into the hands of the personal representative of the decedent, and he has no right to recover it. It is certain that a debt against the decedent can not be set-off against the real estate of which he dies seized, either at law or in equity. Notwithstanding our statute (Code, § 3, ch. 86) makes the real estate of a decedent assets for the payment of his debts and provides for the administration of the same in equity, our equity courts never allow a creditor of the decedent to set-off his claim against the proceeds of the real estate, even though such creditor, after the death of the decedent, become the purchaser of the real estate. The creditor, if the estate is insolvent, must share ratably with the other creditors in the proceeds of the realty. If the estate of the decedent is solvent, and even where it is insolvent, until they are sequestered by the court at the instance of creditors, the rents and profits of the realty are not liable for the debts of the decedent. *Hobson* v. *Yancey*, 2 Gratt. 73. The rents therefore stand on higher ground and are less liable for the payment of the decedent's debts, than is the real estate itself. While the analogy in respect to the application of the rents of an unexpired term and the payment of debts out of the proceeds of real estate is not entirely complete, it seems to me, the reason, which would in equity deny a creditor the right to set-off his debt against the decedent in the one case, would equally control in the other.

The equity rule, as before stated, is quite liberal and will be enforced according to the justice of the case, whenever it can be done without violating the settled principles of law and interfering with the rights of others; but I can find no justification in any precedent or legal principle for allowing the set-off claimed by the appellant in this case. The decree of the Circuit Court must therefore be affirmed.

AFFIRMED.