E. M. NUTTER, *Sheriff, v.* JULIA B. IRELAND *et al.* (No. 8648)

Submitted March 1, 1938. Decided April 9, 1938.

*P. M. Ireland,* for appellant.

*W. S. Stuart, L. A. Henderson* and *Wm. P. Lehman,* for appellees.

Fox, Judge:

This suit was originally instituted in the circuit court of Doddridge County by J. V. Blair, Sr., administrator of Ella M. Blair, for a settlement of her estate. It comes to this court on the appeal of P. M. Ireland, administrator of J. V. Blair, Sr., from a final decree entered on the 11th day of May, 1937, and presents the question of the proper distribution of rentals from the real estate of which Ella M. Blair died seized, accruing subsequent to her death, and before said real estate was decreed to sale or said rentals legally sequestered. J. V. Blair, Sr. was appointed administrator of her estate, and while acting as such, collected certain rents and royalties, $270.70 of which was, at the date of the decree appealed from, on deposit in a bank to his credit as receiver, and so held under an order of the circuit court of Doddridge County, entered on the 9th day of April, 1935; and

$600.04 thereof is represented by a claim against his estate. J. V. Blair, Sr. died during the pendency of this cause, and P. M. Ireland qualified as administrator of his estate. After his death, the estate of Ella M. Blair was committed to E. M. Nutter, sheriff, as administrator *de bonis non.* The cause was not revived as against Ireland, as administrator, and he was not, at the date of the entry of the decree complained of, a party to the cause. Notwithstanding this situation, he, in his capacity as administrator, attempts to prosecute this appeal from a decree of the circuit court of Doddridge County, entered on the 11th day of May, 1937, by which the said sum of $270.70 was directed to be distributed among the creditors of Ella M. Blair instead of being paid to her heirs at law; and Nutter, her administrator, was directed to file a claim against the estate of J. V. Blair, Sr. for the said sum of $600.04, which amount, when collected, was likewise directed to be distributed among the creditors of Ella M. Blair, instead of her heirs at law. The record shows that at the time of the entry of this decree, P. M. Ireland, attorney, appeared and contended that said sums of $600.04 and $270.70 had been derived from rents of real estate owned by Ella M. Blair at the time of her death, accruing subsequent thereto, and were, therefore, the property of her heirs at law. The record is silent as to the capacity in which Ireland appeared as attorney, but in another part of the decree, the fact that he was personal representative of J .V. Blair, Sr. is disclosed.

It is clear from the record that the funds in controversy, $270.70 and $600.04, represent money collected by J. V. Blair, Sr., as administrator of Ella M. Blair, as rentals on her real estate, and that all of said rentals accrued and were collected subsequent to her death, and before the real estate from which they accrued had been decreed to sale, and before said amounts were in any manner sequestered by the court. It is true that on April 9, 1935, in the same decree in which the said real estate was directed to be sold, the court directed J. V. Blair, Sr., to transfer the sum of $425.00 from his account as

administrator of Ella M. Blair to himself as receiver, for what purpose is not shown. But even if transferred to him as receiver, the rights of the parties with respect thereto were not, under the circumstances and the form of the decree, thereby changed. No direction was ever given by the court with respect to the said sum of $600.04 prior to the decree of May 11, 1937, so that we have for distribution the two funds admittedly derived from rent, which passed to the heirs at law of Ella M. Blair by descent and in no wise sequestered by any order of the court or otherwise.

This court has many times held that rents accruing from real estate of a decedent, which pass to his heirs at law by descent, or unless otherwise controlled by will, devisees as well, are payable to the heirs at law or devisees of the decedent until the property from which they arise is decreed to sale, or such rents legally sequestered. The latest expression of that view is that contained in the case of *Peters* v. *Kanawha Banking & Trust Company,* 118 W. Va. 484, 191 S. E. 581, 586, wherein we said:

> "It may be conceded that the general rule is that, as to heirs, taking title by descent, and where the provisions of the will do not require the application of a different rule, devisees as well, the heir or devisee is entitled to rents as against debts and legacies until such rents are legally sequestered, or the property from which they arise is directed to be sold. *Hobson* v. *Yancey,* 2 Grat. (Va.) 73; *Blow* v. *Maynard,* 2 Leigh (Va.) 29; *Dunn's Ex'rs.* v. *Renick,* 33 W. Va. 476, 10 S. E. 810; *Washington* v. *Castleman,* 31 W. Va. 832, 8 S. E. 603. These decisions, along with others which might be cited, are recognized, and there is no disposition to depart therefrom. Where property passes under our statute of descent, there is rarely, if ever, a case where the rule can be departed from; * * * ."

We see nothing in the record before us under which we would be warranted in departing from the rule thus

announced, and if this appeal were properly before us upon the present record, and upon the petition of the heirs at law whose interests were prejudiced by the decree complained of, we would feel impelled to hold that they were entitled to the funds involved.

However, we are of the opinion that the appeal of Ireland, as administrator, was improvidently awarded. Ireland was not a party to the suit at the time of the entry of this decree, although the statute provides the way by which he could have been made a party, by a revival of the cause against him. He contented himself with merely appearing in the cause as an attorney, in a capacity not stated, and presenting a question which involved, in a substantial way, only the interests of the heirs at law of Ella M. Blair. If he intended to appear as administrator for the estate of his decedent, he did not make it known, and he could only have done so by becoming a party to the suit. If he had made an appearance as such administrator, which would have compelled the revival of the cause against him, he would, in our opinion, have been entitled, under ordinary circumstances, to appeal from the decree on the ground that as such administrator he had the right to protect the estate of his decedents to the end that the same might be properly distributed among the persons or creditors entitled thereto. Even in such a case, it is doubted whether the right of appeal is an absolute one. The substantial interests of the estate should be considered. But in the absence of any such procedure on his part, we do not think that, without having been made a party to the cause, he can, as a mere volunteer, be allowed to prosecute an appeal from a decree entered under the circumstances shown by the record in this case. The heirs at law were the parties substantially affected by said decree and, being parties, had the right, of course, to prosecute an appeal, and we do not think that the limited interest which the estate of J. V. Blair, Sr. had in the distribution of the funds involved warrants us in departing from the usual and customary procedure requiring

litigants, either by their own act or some statute constituting them parties, to become formal parties to suits before they can be heard.

It is, of course, true that under *Phares, Exr.* v. *Saunders, Admr.*, 18 W. Va. 336; *Miller* v. *Neff's Admr.*, 33 W. Va. 197, 10 S. E. 378, 6 L. R. A. 515; and *Whittington, Admr.* v. *County Court*, 79 W. Va. 1, 90 S. E. 821, the administrator of a deceased person against whom a judgment or decree has been taken during his lifetime may, as such, appeal to this court therefrom, but this rule does not apply to judgments and decrees entered after the death of the decedent. Any attack on such a decree must be made in some manner other than by appeal to this court, and the personal representative must, in some manner, become a party to the proceeding in the court below as a condition precedent to being heard in this court. In *Hayhurst* v. *Hayhurst*, 100 W. Va. 602, 131 S. E. 352, it was held that "when a suit has abated, because of the death of the defendant, any proceedings therein prior to its revival which affects his estate are invalid," and applying that case to the present situation, if the estate of J. V. Blair, Sr. had such an interest in the distribution of the funds in question herein as to make the decree complained of invalid as to that estate, the remedy, if any, is in the court below and not by appeal to this court.

The appeal is therefore dismissed as improvidently awarded.

*Appeal dismissed as improvidently awarded.*

On Petition for Rehearing:

Fox, JUDGE:

In the brief of the appellant, filed with his petition, authorities are cited in support of the proposition that an appearance in court in a suit or action binds the party who makes that appearance, and is generally considered as an appearance for all purposes. That proposition will

not be disputed. However, the authorities cited, as we interpret them, relate to cases where the person making the appearance has in some way become a party to the suit or action; mere appearance, without more, does not make a person a party to the suit. The methods by which a person may be made a party are open and well known to the members of the Bar, and, as we view it, this court should not hear complaint from one who was not a party to the suit or action in which the judgment or decree complained of was entered.